**Mohammed HALIM; Ashiyana Halim, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–71442.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006 *.

Filed Dec. 15, 2006.

Bert M. Vega, Esq., Law Office of Bert M. Vega, Vallejo, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, James E. Grimes, Esq., Julia Doig Wilcox, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Tara McBrien Bahn, Esq., DOJ–U.S. Department of Justice Environmental & Natural Resources Div., Washington, DC, for Respondent.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

MEMORANDUM **

Mohammed Halim, and his wife, Ashiyana Halim, natives and citizens of Fiji, petition for review of the Board of Immigration Appeals' ("BIA") affirmance of an Immigration Judge's ("IJ") denial of their application for asylum, withholding of re-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

moval, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition for review.

Substantial evidence supports the IJ's and BIA's decisions that petitioners failed to establish past persecution or a well-founded fear of future persecution. Any harm that petitioners experienced fails to rise to the level of persecution, and petitioners failed to show that the harm was committed by the government or forces that the government was unable or unwilling to control. *See Nagoulko v. INS,* 333 F.3d 1012, 1016–18 (9th Cir.2003); *see also Mohammed v. Gonzales,* 400 F.3d 785, 795 (9th Cir.2005). Petitioners also failed to identify the vandals in some instances and failed to establish that any vandalism or harassment occurred on account of an enumerated ground. *See Sangha v. INS,* 103 F.3d 1482, 1490 (9th Cir.1997). Accordingly, the asylum claim is denied.

Because petitioner did not establish eligibility for asylum, it follows that they did not satisfy the more stringent standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir. 2006).

Substantial evidence also supports the IJ's and BIA's conclusion that petitioners failed to show that it was more likely than not that they will be tortured if returned to Fiji. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.